

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Bauer
County Auditor
Cameron County
Brownsville, Texas

Dear Sir:

Opinion No. O-4894
Re: Under the facts submitted
what is the proper dis-
tribution of the money
received where a bail
bond was forfeited due
to the non-appearance of
the defendant in a case
in the Criminal District
Court of Cameron County?

Your letter of recent date requesting the opinion
of this Department on the question stated therein reads
in part as follows:

"At the last term of the Criminal District
Court of Cameron County a Bail Bond was for-
feited due to non appearance of the defendant.
Judgment was taken in the name of the State
and execution issued against certain property.

"The sureties paid the full amount of
the bond together with costs of the District
Clerk.

"I am not certain as to the proper dis-
tribution of this forfeiture.

"Is the District Attorney entitled to
10% (Art. 950) and do we pay him direct or
to the State Treasurer?

"Is the District Clerk entitled to 5%
(Art. 950) commission?

"Is the Sheriff entitled to 5% (Art. 951)?

"What disposition should be made of the balance of this money?"

Cameron County has a population of approximately 81,227 inhabitants according to the 1940 Federal Census. The county officials of said county are compensated on an annual salary basis as authorized by Section 13 of Article 3912(e), Vernon's Annotated Civil Statutes.

Article 322, Vernon's Annotated Civil Statutes, provides in part:

" * * * . There shall also be elected a Criminal District Attorney for * * *the counties of Nueces, Kleberg, Kenedy, Willacy and Cameron."

The Criminal District Attorney who is elected by virtue of this statute is compensated by the State as authorized by Section 18 of Article 3912(e), Vernon's Annotated Civil Statutes.

Section 1 of Article 3912(e), supra, provides:

"No district officer shall be paid by the State of Texas any fees or commissions for any services performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee of commission for any service by him performed as such officer; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for, all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such monies received by him into the fund or funds created and provided for under the provisions of this Act; provided further, that the provisions of this Section shall not affect the payment of costs in civil cases by the State,

Honorable L. A. Bauer, Page 3

but all such costs so paid shall be accounted
for by the officers collecting the same, as
they are required under the provisions of this
Act to account for fees, commissions and costs
collected from private parties."

Section 5 of Article 3912(e) provides in part:

"It shall be the duty of all officers to
charge and collect in the manner authorized by
law all fees and commissions which are per-
mitted by law to be assessed and collected for
all officials services performed by them. As
and when such fees are collected they shall be
deposited in the Officers' Salary Fund, or
funds provided in this Act. * * * "

The Code of Criminal Procedure particularizes each
incident in the collection of forfeited recognizances and
Bail Bonds. Without quoting these statutes, we only refer
to them, namely, Article 424-440, inc., Vernon's Annotated
Code of Criminal Procedure.

It is stated in Texas Jurisprudence, Vol. 5, page 924:

"The undertaking of the bail is an original
undertaking for the appearance of the principal
to answer the charge against him. If they do
not have him in court according to the terms
of their obligation, the undertaking stands
forfeited, the proceeding to exact forfeiture
being prescribed by statute.

* * * * ."

In order to compensate the county in which a
criminal prosecution is had, provisions is made by the code
(Article 949, Code of Criminal Procedure) for the payment
to that county of the amount collected from forfeited
Bail Bonds; the sums are not required to be paid into the
State Treasury for the benefit of the State at large.

Honorable I. A. Bauer, Page 4

Article 949, supra, provides in part:

"Money collected by an officer upon recog-
nizances, Bail Bonds and other obligations re-
covered upon in the name of the State * * *
shall herewith be paid over by the officers
collecting the same to the County Treasurer of
the proper county after first deducting there-
from the legal fees and commissions for collecting
the same."

Articles 950 and 951, Vernon's Annotated Code of
Criminal Procedure, read as follows:

"Article 950. The district or county attorney
shall be entitled to ten percent of all fines, for-
feitures or moneys collected for the State or county,
upon judgments recovered by him; and the Clerk of
the Court in which said judgments are rendered shall
be entitled to five percent of the amounts of said
judgments, to be paid out of the amount when collected."

"Article 951. The Sheriff or other officer,
except the Justice of the Peace or his Clerk, who
collects money for the State or county, except jury
fees, under any provisions of this code, shall be
entitled to retain five percent thereof when col-
lected."

It is stated in Texas Jurisprudence, Vol. 19, page
816:

"The District or County Attorney is entitled to
ten percent of all forfeitures collected for the
State or county, upon judgments recovered by him.
The right to such commissions has been held to be
subordinate to the right of the governor to remit
fines and forfeitures, and with them, all claims
and commissions for attempting to collect the money.
Commissions on adjudged forfeitures become due to
the attorneys representing the State only when the
money is collected, and they are to be taken
out of such money; they are cost and cannot be
taxes as such.

"The statute providing that the Clerk of the Court shall be entitled to five percent on all fines, forfeitures or moneys collected for the State or County upon judgments recovered in the Court applies only to actions over which the criminal courts have jurisdiction, and which should be prosecuted in such courts, and not the judgments for money recovered in civil actions prosecuted in behalf of the State.

"Forfeitures may be collected in lawful money from the United States only, and when collected they must be paid over to the County Treasurer after deducting the legal fees and commissions."

It is stated in Texas Jurisprudence, Vol. 34, page 522:

" * * * To entitle an officer to receive fees or commissions, the receipt thereof must have been provided for and the amount fixed by law; and he must have performed the services for which compensation has been specified. * * *"

In view of the foregoing you are respectfully advised that it is the opinion of this Department that the District Attorney, the District Clerk and the Sheriff are not legally entitled to personally receive any commission whatsoever, but such commissions when collected must be placed in the Officers' Salary Fund as required by Section 5 of Article 3912 (e), supra. You are further advised that no part of the money received by virtue of the forfeiture of the Bail Bond is paid to the State, but such money less the commissions authorized by law must be paid into the County Treasury.

It will be noted that the District Attorney is entitled to ten percent commission and the District Clerk is entitled to five percent commission and the Sheriff is entitled to five percent commission by virtue of the above mentioned statutes, however, as heretofore stated, these officials are not permitted or authorized by law to personally retain these commissions, but must pay them into the Officers' Salary Fund. The balance remaining after the deductions of the commissions authorized by

law should be paid into the Road and Bridge Fund of the county by virtue of Article 1626 and 1628, Vernon's Annotated Civil Statutes.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:BW

APPROVED DEC 3, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN